```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

PATRICK K. ANTOLIN,              )   CIVIL NO. 08-00104 SOM/BMK
                                 )
          Plaintiff,             )
                                 )   ORDER DISMISSING COMPLAINTS
     vs.                         )   PURSUANT TO 28 U.S.C. § 1915
                                 )   AND DIRECTING PAYMENT OF
HALAWA CORRECTIONAL FACILITY;    )   FILING FEES
DEPARTMENT OF PUBLIC SAFETY;     )
STATE OF HAWAII,                 )
                                 )
          Defendants.            )
_____  )
JOHN LORENZO,                    )
                                 )
          Plaintiff,             )
                                 )   CIVIL NO. 08-00105 SOM/BMK
     vs.                         )
                                 )
HALAWA CORRECTIONAL FACILITY;    )
DEPARTMENT OF PUBLIC SAFETY;     )
STATE OF HAWAII,                 )
                                 )
          Defendants.            )
_____  )
KEKOA KALEOPA`A,                 )
                                 )
          Plaintiff,             )
                                 )   CIVIL NO. 08-00106 SOM/BMK
     vs.                         )
                                 )
HALAWA CORRECTIONAL FACILITY;    )
DEPARTMENT OF PUBLIC SAFETY;     )
STATE OF HAWAII,                 )
                                 )
          Defendants.            )
_____  )
```

**ORDER DISMISSING COMPLAINTS PURSUANT TO 28 U.S.C. § 1915 AND
DIRECTING PAYMENT OF FILING FEES**

On February 29, 2008, Plaintiffs Patrick K. Antolin, John Lorenzo, and Kekoa Kaleopa'a, all proceeding pro se, filed these three prisoner civil rights actions pursuant to 42 U.S.C.

§ 1983.  Plaintiffs are all Hawaii state prisoners currently incarcerated at the Halawa Correctional Facility ("HCF").  Because Plaintiffs make essentially identical claims against the same Defendants, the court consolidated the three cases pursuant to Local Rule ("LR") 40.2.  (Doc. No.3.)  The three Complaints are not filed on court-approved prisoner civil rights complaint forms, and Plaintiffs have neither paid the $350.00 filing fees for commencing their actions, nor submitted applications to proceed *in forma pauperis*.

For the following reasons, the Complaints in these consolidated actions are DISMISSED with leave to amend, and *each* Plaintiff is ORDERED to either pay the statutory filing fee or to submit a fully completed application to proceed *in forma pauperis*.

## I. BACKGROUND

Plaintiffs allege that they were exposed to toxic carbon monoxide gases in their cells on February 4, 11, 20, and 25, 2008,[1] when the prison's emergency generator or construction machinery was parked directly outside of their cells with engines running.  Plaintiffs name HCF, the Hawaii Department of Public Safety ("DPS"), and the State of Hawaii, as the only defendants to these suits.  Each plaintiff seeks $100 million in damages.

---

[1] Plaintiff Antolin states that he was exposed to the poisonous gas on February 6 and 11, 2008

2

## II. **PAYMENT OF FEES**

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only upon granting of in forma pauperis status. *See* 28 U.S.C. § 1915. Failure to pay the statutory filing fee will result in dismissal of an action without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

On or before **April 7, 2008**, **each** Plaintiff must either pay the statutory filing fee of $350.00 for commencing his own case, or submit a fully completed and sufficient application to proceed *in forma pauperis*.[2] A Plaintiff's failure to do so may result in dismissal of his action for failure to prosecute the action. *See* Fed. R. Civ. P. 41(b). Plaintiffs are notified that, even if they are granted *in forma pauperis* status, they will still each be required to pay the full $350 filing fee, although they may be allowed to pay the fee in installment

---

[2] Even though the court has consolidated the three complaints for administrative convenience, each Plaintiff must *individually* either pay the filing fee of $350.00 or submit a fully completed and sufficient application to proceed *in forma pauperis*.

3

payments depending on the funds available in their prison trust accounts.  *See* 28 U.S.C. § 1915(b)(1-2).

### III.  **DISMISSAL OF THE COMPLAINTS**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  For screening purposes, the court accepts as true

the allegations of the complaint. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court, however, is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

B.   The State of Hawaii, HCF, and DPS Are Dismissed

A person deprives another of a constitutional right, when that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

F.2d 740, 743 (9th Cir. 1978). The "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44.

In limited circumstances, a person can also be subject to § 1983 liability for the acts of others. Although there is no pure *respondeat superior* liability under § 1983, a supervisor is liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiffs name only the State of Hawaii, the Hawaii Department of Public Safety, and the Halawa Correctional Facility as Defendants, and seek only monetary damages. They fail to name any person or individual who is alleged to be responsible for their claims. The named Defendants cannot be sued under § 1983.

States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983.");

*Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  Similarly, a governmental agency that is an arm of the state, such as a state's department of corrections, is not considered a person under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Lawrence v. Livermore Nat'l Lab.*, 131 F.3d at 839.  Finally, a prison or correctional facility is not a "person" within the meaning of § 1983.  *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973);  *see e.g., Grabow v. S. State Corr'l Facility*, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983 ); *Mitchell v. Chester County Farms Prison,* 426 F. Supp. 271, 274 (D.C. Pa. 1976); *Marsden v. Fed. BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983 ); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail is not a "person" under § 1983 ); *McCoy v. Chesapeake Corr'l Ctr*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983 ); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).

In addition, a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit."

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will*, 491 U.S. at 71; *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839.

Plaintiffs cannot maintain an action under § 1983 against the State of Hawaii, the DPS, or HCF.  As a result, Plaintiffs' Complaints are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(1)(B)(iii) & 1915A(a)(2), as "seeking monetary relief from a defendant who is immune from such relief."

Each individual Plaintiff may, however, file an Amended Complaint naming the actual persons, in their official or individual capacities, that each Plaintiff believes are responsible for the alleged constitutional violations.[3]  Any Amended Complaint must set forth the specific facts upon which a Plaintiff relies in claiming the liability of each defendant. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  To establish liability pursuant to § 1983, Plaintiffs must set forth facts demonstrating how each named Defendant caused or personally participated in causing a deprivation of Plaintiffs' protected rights.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiffs must present a causal connection between any named Defendants and the conduct of which

---

[3] Again, even though the three actions have been consolidated, each *individual* Plaintiff must determine whether he wishes to file an Amended Complaint, and if so, that individual plaintiff must then file his own Amended Complaint.

they complain.  *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).

Plaintiffs also fail to use the court's prisoner civil rights forms.  The court requires that these forms be used by all prisoners filing civil rights complaints.  Plaintiffs' Complaints are DISMISSED on this basis also with leave granted to amend by **April 7, 2008.**  Plaintiffs' failure to timely amend their Complaints in accordance with the directions in this Order may result in dismissal of these actions pursuant to 28 U.S.C. § 1915A, and shall constitute one strike against each Plaintiff pursuant to 28 U.S.C. § 1915(g).

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Each individual Plaintiff is given up to and including **April 7, 2008**, within which to either pay the statutory filing fee of $350.00 for his action, or to submit a fully completed and sufficient *in forma pauperis* application for his action.  Plaintiffs' cases, although consolidated, will be treated separately for payment of fees and determining indigency.

2.  Failure by any Plaintiff to submit the filing fee or an *in forma pauperis* application on or before **April 7, 2008**, will result in AUTOMATIC DISMISSAL without prejudice of that Plaintiff's action for failure to follow a court order or otherwise prosecute.

3. In the alternative, if any Plaintiff determines that he does not want to be subject to payment of the statutory filing fee of $350 for commencing his action, he may file a notice of voluntary dismissal of his action, on or before **April 7, 2008.**

4. Plaintiffs' Complaints are **DISMISSED** pursuant to 28 U.S.C. § 1915A(a)(2), as "seeking monetary relief from a defendant who is immune from such relief." Thus, Defendants State of Hawaii, the Hawaii Department of Public Safety, and the Halawa Correctional Facility are **DISMISSED** from this suit. Each Plaintiff may file an Amended Complaint by **April 7, 2008**, but the Amended Complaint may not seek monetary relief from the State of Hawaii, DPS, or HCF. Failure by a Plaintiff to submit an Amended Complaint, on court-provided forms, by the stated deadline will result in the AUTOMATIC DISMISSAL of the particular Plaintiff's civil action, and shall count as a strike against that Plaintiff under 28 U.S.C. § 1915(g).

If a Plaintiff decides to amend his Complaint in accordance with this Order, the Amended Complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule LR10.3. The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

5. Plaintiffs are **NOTIFIED** that they may not file any

motions or documents in these consolidated actions until they either submit the $350 filing fee or a sufficient *in forma pauperis* application. Any documents submitted before payment is received will be disregarded.

      6. The Clerk is **DIRECTED** to send *each* Plaintiff an *in forma pauperis* application and instructions for completing the application, and a prisoner civil rights complaint form and instructions, so that *each* Plaintiff may seek *in forma pauperis* status and file an Amended Complaint.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, March 6, 2008.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

*Antolin v. Halawa Corr'l Facility, et al.*, Civ. No. 08-00104 SOM/BMK; *Lorenzo v. Halawa Corr'l Facility, et al.*, Civ. No. 08-00105 SOM/BMK; *Kaleopa'a v. Halawa Corr'l Facility, et al.*, Civ. No. 08-00104 SOM/BMK; Order Dismissing Complaints Pursuant to 28 U.S.C. § 1915 and Directing Payment of Filing Fees; dmp/Screening Orders 08/Antolin, Lorenzo, Kuleopa'a 08-104,105,106 (Dsmg C, direct pymt)